**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**DUSTIN PHILLIPS and AARON HALLOF,**

**Plaintiffs,**

2:23-cv-00544

**Judge _________________**

**v.**

**DARREN GALISKY, KELLY GALISKY, and JOHN DOES 1-20,**

**Defendants.**

**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF, ACCOUNTING, DISSOLUTION OF BUSINESSES, AND OTHER RELIEF**

Plaintiffs Dustin Phillips and Aaron Hallof (collectively, "Plaintiffs"), by and through counsel, hereby file this Verified Complaint for Temporary Restraining Order, Injunctive Relief, Accounting, Dissolution of Businesses, and Other Relief pursuant to contract and common law, the West Virginia Uniform Limited Liability Company Act, W. Va. Code § 31B-1-1, *et seq.*, and the West Virginia Business Corporation Act, W. Va. Code § 31D-1-1, *et seq.*, against Defendants Darren Galisky, Kelly Galisky, and John Does 1-20 (collectively, "Defendants"). In support of their Verified Complaint, Plaintiffs state as follows:

## Nature of Action

1. Plaintiffs bring this case to compel Defendants' compliance with basic legal duties, to address Defendants' knowing, intentional, and malicious actions regarding the misappropriation of funds belonging to Mountain Momma Armory LLC dba WVMMA, and to seek damages for Defendants' tortious acts, statutory violations, violations of common law, and breach of contract.

2. Plaintiffs also seek a temporary restraining order and other relief from this Court enjoining Defendants from expending funds in bank accounts held by the following business entities until such time as an appropriate accounting can be completed of each account:

a. Mountain Momma Armory LLC dba WVMMA;

b. Lazy D Land Holding LLC dba DDLH;

c. Trident Logistics LLC dba TLL;

d. Gator Energy LLC;

e. Gator Energy Services Ltd.;

f. Gator Energy LLC dba Gator's Girl Cleaning Service;

g. Black Bear Ordnance LLC dba WVBBO;

h. PRM Corp.;

i. Pious Inc.; and

j. Double Tap Energy LLC.

3. Plaintiffs further seek a temporary restraining order from this Court enjoining Defendants from expending funds in bank accounts or other financial accounts held by either or both of them until such time as an appropriate accounting can be completed of each account.

4. Plaintiffs also seek preliminary and permanent injunctive relief to obtain an immediate accounting of the above listed business bank accounts, personal bank accounts, and financial accounts.

5. Plaintiffs seek judicial dissolution of Mountain Momma Armory LLC dba WVMMA. Plaintiff Dustin Phillips also seeks judicial dissolution of Lazy D Land Holding LLC

dba DDLH; Trident Logistics LLC dba TLL; Black Bear Ordnance LLC dba WVBBO; PRM Corp.; and Pious Inc.

**Parties**

6. Plaintiff Dustin Phillips is a citizen of Belmont County, Ohio.

7. Plaintiff Aaron Hallof is a citizen of Armstrong County, Pennsylvania.

8. Upon information and belief, Defendants Darren Galisky and Kelly Galisky are husband and wife, and are citizens of Wood County, West Virginia.

9. Upon information and belief, Defendants John Does 1-20 were co-conspirators, employees, agents, ostensible agents, joint venturers, officers, and/or representatives, each of whom assisted in, covered up, authorized and ratified the wrongful conduct of Defendants Darren Galisky and Kelly Galisky.

**Jurisdiction and Venue**

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 excluding interest and costs. Venue is proper before this Court because (1) the Defendants are citizens of and reside and/or do business in this judicial district in Wood County, West Virginia; (2) most, if not all, of Defendants' tortious acts occurred in this judicial district in Wood County, West Virginia; and (3) the principal place of business of the above-listed business entities is in this judicial district in Wood County, West Virginia, except for Gator Energy Services Ltd. and Double Tap Energy LLC.

**Facts**

11. Mountain Momma Armory LLC dba WVMMA, a West Virginia limited liability company ("Mountain Momma"), was formed under the laws of the State of West Virginia

by the filing of Articles of Organization with the Secretary of State of West Virginia on June 14, 2019.

12. Plaintiffs Dustin Phillips and Aaron Hallof are two of the three Members of Mountain Momma. Mountain Momma's third Member is Defendant Darren Galisky. Defendant Kelly Galisky is an employee of Mountain Momma.

13. On January 1, 2021, Plaintiffs Dustin Phillips and Aaron Hallof entered into the Operating Agreement of Mountain Momma Armory LLC ("Operating Agreement") with Defendant Darren Galisky setting forth the terms and conditions governing the operation and management of Mountain Momma. *See* Operating Agreement, attached hereto as "Exhibit A."

14. Pursuant to the Operating Agreement, Plaintiffs Dustin Phillips and Aaron Hallof and Defendant Darren Galisky are the Members of Mountain Momma with the following membership interests:

a. Darren Galisky – 67%

b. Dustin Phillips – 28%

c. Aaron Hallof – 5%

15. Pursuant to the Operating Agreement, "[n]o Member shall be entitled to withdraw any part of its Capital Account or to receive any distribution from the Company, except as otherwise provided in this Agreement." *See* Exhibit A Section 3.6.

16. Pursuant to the Operating Agreement "distributions of available cash shall be made to the Members when and in such amounts as agreed unanimously by the Members. Distributions determined to be made unanimously by the Members pursuant to this Section 6.1(a) shall be paid pro rata to the Members in accordance with their respective Membership Interests." *See* Exhibit A Section 6.1(a).

17. Section 7.2 of the Operating Agreement outlines specific actions that require unanimous written approval of all members, including the making of "any loan, advance or capital contribution in any Person, except in the ordinary course of business" and "investments in any other Person." *See* Exhibit A Sections 7.2(e) and 7.2(n).

18. Pursuant to the Operating Agreement,

> [a]ll funds of [Mountain Momma] shall be deposited in its name, or in such name as may be designated by the Members, in such checking, savings or other accounts, or held in its name in the form of such other investments as shall be designated by the Members. **The funds of the Company shall not be commingled with the funds of any other Person.** All withdrawals of such deposits or liquidations of such investments by [Mountain Momma] shall be made exclusively upon the signature or signatures of such Officer or Officers as the members may designate.

*See* Exhibit A Section 10.6 (emphasis added).

19. Finally, each party to the Operating Agreement

> acknowledges that a breach or threatened breach by such party of any of its obligations under this Agreement would give rise to irreparable harm to the other parties, for which monetary damages would not be an adequate remedy, and hereby agrees that in the event of a breach or a threatened breach by such party of any such obligations, each of the other parties hereto shall, in addition to any and all other rights and remedies that may be available to them in respect of such breach, be entitled to equitable relief, including a temporary restraining order, an injunction, specific performance, and any other relief that may be available from a court of competent jurisdiction (without any requirement to post bond).

*See* Exhibit A. Section 12.11.

20. A business bank account for Mountain Momma with account number ending in 4738 was initially set up with Community Bank in Parkersburg, West Virginia. The business bank account for Mountain Momma is now with Peoples Bank in Parkersburg, West Virginia, with account number ending in 5367.

21. Upon information and belief, Defendant Darren Galisky and his wife, Defendant Kelly Galisky, have been misappropriating Mountain Momma's funds by diverting assets from Mountain Momma to, including and without limitation, to Gator Energy, The Rock (a church in Parkersburg, West Virginia), Legacy Christian Academy ("LCA") (a school affiliated with The Rock), and/or their personal interests in violation of the terms of the Operating Agreement, contract, common law, the West Virginia Uniform Limited Liability Company Act, W. Va. Code § 31B-1-1, *et seq.*, and the West Virginia Business Corporation Act, W. Va. Code § 31D-1-1, *et seq.*

22. Upon information and belief, with respect to their personal interests, Defendant Darren Galisky and his wife, Defendant Kelly Galisky, have been misappropriating Mountain Momma's funds by diverting assets from Mountain Momma to, including without limitation:

a. ACH withdrawals to pay the Internal Revenue Service for personal tax liabilities;

b. checks to pay for a personal mortgage loan held by Riverview Credit Union;

c. checks to pay on a personal line of credit held by Riverview Credit Union;

d. checks for an automobile (truck) loan held by Riverview Credit Union;

e. checks for credit card payments to Synchrony Bank and American Express;

f. numerous checks to The Rock for "conference[s]," for "tithe[s]," for "tickets," for "raffle tickets," for "we are raffle," for "tithe order #3," and for "LCA school";

g. checks for utility payments;

h. checks written to "Cash" for which the memo lines denote "travel expenses," "raffle tickets," and "filing cabinets";

i. a check written to Kelly Galisky for which the memo line denotes "raffle tickets";

j. checks to Healthcare Financial;

k. checks to Allclean of WV, including one for which the memo line notes "office/housecleaning";

l. checks to Erie Insurance, which does not insure Mountain Momma;

m. checks to multiple individuals for which the memo lines state personal messages, such as "love you," and "pastor appreciation love you guys";

n. a check to C&C Dodge for the deposit on a truck;

o. a check to Amazon Marketplace for a charge by Darren Galisky; and

p. a check written to Darren Galisky for which the memo line denotes "loan repayment."

23. In addition to his involvement in Mountain Momma, Plaintiff Dustin Phillips is a business associate with Defendant Darren Galisky and/or Defendant Kelly Galisky in some of the other businesses through which Defendants also have been misappropriating funds.

24. Specifically, Defendants Darren Galisky and Kelly Galisky are members of Trident Logistics LLC dba TLL, of which Plaintiff Dustin Phillips is also a member.

25. Defendant Darren Galisky is a member of Black Bear Ordnance LLC dba WVBBO, of which Plaintiff Dustin Phillips is also a member.

26. Defendant Darren Galisky is the incorporator and president of PRM Corp., of which Plaintiff Dustin Phillips is the vice-president.

27. Defendant Darren Galisky is the incorporator of Pious Inc., of which Plaintiff Dustin Phillips is the vice-president.

28. Defendant Darren Galisky is the incorporator of Lazy D Land Holding LLC, of which Plaintiff Dustin Phillips is the vice-president.

29. The businesses in which Plaintiff Dustin Phillips and Defendant Darren Galisky and/or Defendant Kelly Galisky are involved have business bank accounts at Peoples Bank located in Parkersburg, West Virginia, with account numbers ending as follows:

a. Trident Logistics LLC dba TLL – Account Number 2491;

b. Black Bear Ordnance LLC dba WVBBO – Account Number 0737;

c. PRM Corp. – Account Number 4247;

d. Lazy D Land Holding LLC dba DDLH – Account Number 8121; and

e. Pious Inc. – Account Number 9728.

30. Upon information and belief, Defendant Darren Galisky forged the signature of Plaintiff Dustin Phillips in order to open these businesses' bank accounts, as well as the Peoples Bank bank account for Mountain Momma.

31. Upon information and belief, Defendant Darren Galisky and his wife, Defendant Kelly Galisky, have been misappropriating Mountain Momma's funds by diverting assets from Mountain Momma to, including without limitation, Trident Logistics LLC dba TLL, Black Bear Ordnance LLC dba WVBBO, PRM Corp., Lazy D Land Holding LLC dba DDLH, and/or Pious Inc., and thereafter by further diverting those assets to benefit their personal interests.

32. Upon discovering that Defendants Darren Galisky and Kelly Galisky have been misappropriating Mountain Momma's funds, Plaintiff Dustin Phillips requested on or about August 4, 2023 that People's Bank freeze the Mountain Momma business account and those of the other business accounts opened by Defendants to prevent Defendant Darren Galisky and/or Defendant Kelly Galisky from diverting additional assets from Mountain Momma.

33. Upon information and belief, on or about August 4, 2023, Defendant Darren Galisky and/or Defendant Kelly Galisky, without authorization, terminated the following entities on the West Virginia Secretary of State's website: Lazy D Land Holding LLC dba DDLH and Trident Logistics LLC dba TLL;

34. Upon information and belief, on or about August 4, 2023, Defendant Darren Galisky falsely advised Mountain Momma vendors that Plaintiff Dustin Phillips no longer was affiliated with Mountain Momma;

35. Upon information and belief, on the morning of August 7, 2023, Defendant Darren Galisky attempted to withdraw funds from the Mountain Momma business account.

36. Upon information and belief, on or about August 7, 2023, Defendant Darren Galisky, without authorization, deleted Plaintiff Dustin Phillips's Mountain Momma email address, dustin@wvmma.us and, thus, his ability to access Mountain Momma's email system.

37. Upon information and belief, on or about August 8, 2023, Defendant Darren Galisky and/or Defendant Kelly Galisky, without authorization, removed Plaintiff Dustin Phillips from the West Virginia Secretary of State – Business Entity Details webpage for Mountain Momma Armory LLC.

**COUNT I**
**Breach of Contract**

38. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 37 of this Verified Complaint.

39. As a Member of Mountain Momma and a party to the Operating Agreement, Defendant Darren Galisky owed Plaintiffs a contractual duty to abide by all terms of the Operating Agreement.

40. Defendant Darren Galisky's misappropriation of Mountain Momma's funds, and/or his involvement with Defendant Kelly Galisky's misappropriation of those funds, to divert Mountain Momma's assets to benefit their personal interests and/or their other businesses' interests breached the terms of Section 3.6 of the Operating Agreement by "withdraw[ing] any part of its Capital Account or. . .receiv[ing] any distribution from the Company, except as otherwise provided in [the] Agreement."

41. Defendant Darren Galisky's misappropriation of Mountain Momma's funds, and/or his involvement with Defendant Kelly Galisky's misappropriation of those funds, to divert Mountain Momma's assets to benefit their personal interests and/or their other businesses' interests also breached Section 6.1(a) of the Operating Agreement by making "distributions of available cash. . .to [himself as a]. . .Member[] [other than] when and in such amounts as agreed unanimously by the Members." Moreover, Defendant Darren Galisky breached Section 6.1(a) of the Operating Agreement by taking such Distributions only for himself and failing to pay such

Distributions "pro rata to the [Plaintiffs as] Members in accordance with their respective Membership Interests."

42. Defendant Darren Galisky's misappropriation of Mountain Momma's funds, and/or his involvement with Defendant Kelly Galisky's misappropriation of those funds, to divert Mountain Momma's assets to benefit their personal interests and/or their other businesses' interests also breached Sections 7.2(e) and 7.2(n) of the Operating Agreement by failing to seek and/or secure unanimous written approval of all Members in the making of "any loan, advance or capital contribution in any Person, except in the ordinary course of business" and "investments in any other Person."

43. Defendant Darren Galisky's misappropriation of Mountain Momma's funds, and/or his involvement with Defendant Kelly Galisky's misappropriation of those funds, to divert Mountain Momma's assets to benefit their personal interests and/or their other businesses' interests breached Section 10.6 of the Operating Agreement, which requires that "[a]ll funds of [Mountain Momma] shall be deposited in its name, or in such name as may be designated by the Members in such checking, savings or other accounts, or held in its name in the form of such other investments as shall be designated by the Members." Moreover, Defendant Darren Galisky breached Section 10.6 of the Operating Agreement by commingling Mountain Momma funds with the funds of any other Person.

44. Defendant Darren Galisky's breaches of the Operating Agreement, or any one of them, have caused irreparable harm to Plaintiffs, which entitles them to relief under Section 12.11 of the Operating Agreement.

**COUNT II**
**Violation of West Virginia Uniform Limited Liability Company Act, W. Va. Code § 31B-1-1, *et seq.***

45. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 44 of this Verified Complaint.

46. West Virginia's Uniform Limited Liability Company Act ("the WVULLC Act"), W. Va. Code § 31B-1-1, *et seq.*, governs the operation of limited liability companies in West Virginia, including that of Mountain Momma, Trident Logistics LLC, Black Bear Ordnance LLC, PRM Corp., Lazy D Land Holding LLC and/or Pious Inc..

47. Pursuant to Section 31B-3-301(a)(2), "[a]n act of a member which is not apparently for carrying on in the ordinary course the company's business or business of the kind carried on by the company binds the company only if the act was authorized by the other members."

48. Section 31B-3-303(c) of the WVULLC Act states, in pertinent part, that "[s]pecified members of a limited liability company are liable in their capacity as members for all or specified debts, obligations or liabilities of the company if: (1) A provision to that effect is contained in the articles of organization, and a member so liable has consented in writing to the adoption of the provision or to be bound by the provision. . . ."

49. Section 31B-3-303(f) of the WVULLC Act provides that a LLC Member remains liable for tortious conduct. Particularly, it provides that:

> Nothing in this section may immunize or shield a member of a limited liability company, solely because he or she is a member of a limited liability company, from liability for his or her own tortious conduct that proximately causes injury to another party while the member is acting on behalf of the limited liability company. In such circumstance, the liability of a member is not through "veil piercing", but rather primary, as against any tortfeasor.

50. Alternatively, when a member is proved to have committed a wrongful act of Conflicted Exchange or Siphoning of Funds, as those terms are defined in Section 31B-3-303(h) of the WVULLC Act, Section 31B-3-303(g) affords clawback authority, but not "veil piercing" in "the amount transferred from the limited liability company to the member in bad faith."

51. Section 31B-4-405 of the WVULLC Act establishes the sharing of and right to distributions. Correspondingly, Section 31B-4-406 sets limitations on distributions and Section 31B-4-407 of the WVULLC Act establishes liability for unlawful distributions. Particularly, Section 31B-4-407(a) creates personal liability for a member "who. . .assents to a distribution made in violation of section 4-406, the articles of organization, or the operating agreement. . . ."

52. Section 31B-4-409 of the WVULLC Act establishes general standards of member's and manager's conduct, including the fiduciary duties of loyalty and duty of care owed to a member-managed company and its other members. This duty of care to "other members in the conduct. . .of the company's business is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct or a knowing violation of law." W. Va. Code § 31B-4-409(c). This Section requires a member to "discharge the duties to a member-managed company and its other members under this chapter or under the operating agreement and exercise any rights consistently with the obligation of good faith and fair dealing." W. Va. Code § 31B-4-409(d). Moreover, "[a] member who pursuant to the operating agreement exercises some or all of the rights of a manager in the management and conduct of the company's business is held to the standards of conduct in subsections (b) through (f) of this section to the extent that the member exercises the managerial authority vested in a manager by this chapter." W. Va. Code § 31B-4-409(h)(3).

53. Section 31B-6-601 of the WVULLC Act sets forth the circumstances under which a member is disassociated from a limited liability company. This Section provides, in pertinent part that

> A member is dissociated from a limited liability company upon the occurrence of any of the following events:. . .
>
> (2) An event agreed to in the operating agreement as causing the member's dissociation;. . .
>
> (6) On application by the company or another member, the member's expulsion by judicial determination because the member:
>
> (i) Engaged in wrongful conduct that adversely and materially affected the company's business;
>
> (ii) Willfully or persistently committed a material breach of the operating agreement or of a duty owed to the company or the other members under section 4-409; or
>
> (iii) Engaged in conduct relating to the company's business which makes it not reasonably practicable to carry on the business with the member;

W. Va. Code § 31B-6-601(2) and (6).

54. Section 31B-8-801 of the WVULLC Act sets forth the events causing dissolution and winding up of a company's business. This Section provides, in pertinent part that

> (b) A limited liability company is dissolved, and its business must be wound up, upon the occurrence of any of the following events:
>
> (1) An event specified in the operating agreement;. . .
>
> (5) On application by a member or a dissociated member, upon entry of a judicial decree that:
>
> (i) The economic purpose of the company is likely to be unreasonably frustrated;
>
> (ii) Another member has engaged in conduct relating to the company's business that makes it not reasonably practicable to carry on the company's business with that member;

> (iii) It is not otherwise reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement;. . .
>
> or
>
> (v) The managers or members in control of the company have acted, are acting or will act in a manner that is illegal, oppressive, fraudulent or unfairly prejudicial to the petitioner. . . .

W. Va. Code § 31B-8-801(1) and (5).

55. Plaintiffs, in their capacity as the other Members of Mountain Momma, did not authorize Defendant Darren Galisky's misappropriation of Mountain Momma's funds, and/or his involvement with Defendant Kelly Galisky's misappropriation of those funds, to divert Mountain Momma's assets to benefit their personal interests and/or their other businesses' interests. Accordingly, those acts do not bind Mountain Momma pursuant to Section 31B-3-301(a)(2) of the WVULLC Act.

56. By virtue of the provisions of the Operating Agreement referenced in this Complaint, including but not limited to Section 12.11, Defendant Darren Galisky is liable in his personal capacity for the debts, obligations or liabilities of Mountain Momma which he caused to occur by the aforementioned misappropriation of Mountain Momma's funds.

57. Defendant Darren Galisky also is liable in his personal capacity as a tortfeasor for the debts, obligations or liabilities of Mountain Momma which he caused to occur, by the aforementioned misappropriation of Mountain Momma's funds, in accordance with Section 31B-3-303(f) of the WVULLC Act.

58. The aforementioned misappropriation of Mountain Momma's funds constituted unlawful distributions in violation of Sections 31B-4-406 and 31B-4-407(a) of the WVULLC Act for which Defendant Darren Galisky is personally liable.

59. Defendant Darren Galisky committed a wrongful act, that is, Conflicted Exchange or Siphoning of Funds, by the aforementioned unlawful distributions and misappropriation of Mountain Momma's funds, in violation of Section 31B-3-303(h) of the WVULLC Act; therefore, Plaintiffs are entitled to clawback the amounts transferred from the limited liability company to the member in bad faith, in accordance with Section 31B-3-303(g) of the statute.

60. Defendant Darren Galisky's actions—in unlawful distributions and misappropriation of Mountain Momma's funds—constitute grossly negligent or reckless conduct, intentional misconduct or a knowing violation of law, in violation of his fiduciary duties of loyalty and care to Plaintiffs and to Mountain Momma, as set forth in W. Va. Code § 31B-4-409(c). Defendant Darren Galisky also has failed to "discharge the duties to a member-managed company and its other members under this chapter or under the operating agreement and exercise any rights consistently with the obligation of good faith and fair dealing," as required by W. Va. Code § 31B-4-409(d) and (h)(3).

61. Because of Defendant Darren Galisky's violations of the Operating Agreement and his wrongful conduct that adversely and materially affected Mountain Momma; and due to Defendant Galisky's willful and persistent material breaches of the Operating Agreement and of his duties of loyalty and care owed to the Company and to Plaintiffs; and due to Defendant Darren Galisky engaging in conduct relating to Mountain Momma's business which makes it not reasonably practicable to carry on the business with him; and because Defendant Darren Galisky has acted, is acting or will act in a manner that is illegal, oppressive, fraudulent or unfairly prejudicial to Plaintiffs, Plaintiffs are entitled to his disassociation from Mountain

Momma, including his expulsion by a judicial determination, in accordance with Section 31B-6-601(2) and (6) of the WVULLC Act.

62. Likewise, these events and Defendant Darren Galisky's violations of the Operating Agreement and his wrongful conduct entitle Plaintiffs to dissolution of Mountain Momma, in accordance with W. Va. Code § 31B-8-801(1) and (5).

63. Moreover, to the extent that Defendant Darren Galisky's wrongful conduct and misappropriation of funds involve not only Mountain Momma, but also Trident Logistics LLC, Black Bear Ordnance LLC, PRM Corp., Lazy D Land Holding LLC and/or Pious Inc., Plaintiff Dustin Phillips is entitled Defendant Darren Galisky's disassociation from those entities, including his expulsion by a judicial determination, in accordance with Section 31B-6-601(2) and (6) of the WVULLC Act, as well as dissolution of those entities, in accordance with W. Va. Code § 31B-8-801(1) and (5).

**COUNT III**
**Violation of West Virginia Business Corporation Act,**
**W. Va. Code § 31D-1-1, *et seq.***

64. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 63 of this Verified Complaint.

65. West Virginia's Business Corporation Act ("the WVBCA"), W. Va. Code § 31D-1-1, *et seq.*, governs the operation of corporate business entities in West Virginia, including that of Mountain Momma, Trident Logistics LLC, Black Bear Ordnance LLC, PRM Corp., Lazy D Land Holding LLC and/or Pious Inc.

66. West Virginia's Supreme Court of Appeals has recognized that, in cases involving a fiduciary duty owed by majority shareholders, officers and directors a minority shareholder can

seek equitable and other relief to address a majority shareholder's "oppressive conduct." *Masinter v. WEBCO Co.*, 164 W. Va. 241, 262 S.E.2d 433, 440 (1980).

67. The *Masinter* Court defined "oppressive conduct" as

> [B]urdensome, harsh and wrongful conduct; a lack of probity and fair dealing in the affairs of a company to the prejudice of some of its members; or a visual departure from the standards of fair dealing, and a violation of fair play on which every shareholder who entrusts his money to a company is entitled to rely."

*Id.* at 440. It further reasoned that "[a] violation of the fiduciary relationship may result from oppressive conduct, which is conduct that departs from the standards of good faith and fair dealing which are inherent in the concept of a fiduciary relationship." *Id.* at Syl. Pt. 3, 435.

68. Section 31D-14-1430 of the WVBCA mirrors *Masinter* in establishing a shareholder's oppressive conduct as grounds for judicial dissolution. Particularly, Section 14-1430 provides, in pertinent part, that "[t]he circuit court may dissolve a corporation: (2) in a proceeding by a shareholder if it is established that:. . .(B) The directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent;. . .(D) The corporate assets are being misapplied or wasted. . . ."

69. Plaintiffs are minority shareholders in Mountain Momma by virtue of their interests expressed in the Operating Agreement, while Defendant Darren Galisky is a majority shareholder.

70. Defendant Darren Galisky has acted, is acting and will act in a manner that is illegal, oppressive or fraudulent, by virtue of his misappropriation of Mountain Momma's funds, which is conduct that departs from the standards of good faith and fair dealing which are inherent in the concept of a fiduciary relationship. Additionally, Defendant Darren Galisky's misappropriation of Mountain Momma's funds constitutes the misapplication and wasting of corporate assets of Mountain Momma.

71. Defendant Darren Galisky's illegal, oppressive or fraudulent conduct and/or his misapplication and waste of Mountain Momma's assets entitle Plaintiffs to dissolution of Mountain Momma, in accordance with W. Va. Code § 31B-8-801(1) and (5).

72. Moreover, to the extent that Defendant Darren Galisky's illegal, oppressive or fraudulent conduct and/or his misapplication and waste of corporate assets via misappropriation of funds involve not only Mountain Momma, but also Trident Logistics LLC, Black Bear Ordnance LLC, PRM Corp., Lazy D Land Holding LLC and/or Pious Inc., Plaintiff Dustin Phillips is entitled as well to judicial dissolution of those entities, in accordance with W. Va. Code § 31D-14-1430.

**COUNT IV**
**Breach of Fiduciary Duties as to Defendant Darren Galisky**

73. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 72 of this Verified Complaint.

74. Under West Virginia law, "to prevail on a breach of fiduciary duty claim, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) a breach; and (3) damage proximately caused by the breach." *National Credit Union Administration Board v. Bailey*, CIVIL ACTION NO. 1:09-0724, 2016 WL 3951209 (N.D. W. Va. July 20, 2016) (citing *State ex rel. Affiliated Cost. Trades Found. V. Vieweg*, 205 W. Va. 687, 701-702 (1999) (Workman, J. concurring).

75. As the Member-Manager of Mountain Momma, Defendant Darren Galisky owed Plaintiffs fiduciary duties. *See* W. Va. Code § 31B-4-409.

76. Defendant Darren Galisky breached his fiduciary duties by engaging in self-dealing transactions to the detriment of Plaintiffs, including breaching his fiduciary duty of loyalty to Plaintiffs; breaching his duty of care to Plaintiffs "to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct or a knowing violation of law," W. Va. Code § 31B-

4-409(c); and breaching his duty to Plaintiffs to "discharge the duties to a member-managed company and its other members under this chapter or under the operating agreement and exercise any rights consistently with the obligation of good faith and fair dealing." W. Va. Code § 31B-4-409(d).

77. As a direct, proximate, and foreseeable result of Defendant Galisky's breaches of his fiduciary duties, Plaintiffs have suffered damages.

**COUNT V**
**Conversion**

78. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 77 of this Verified Complaint.

79. Under West Virginia law, a "fairly distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use. And when such conversion is proved, the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance." Syl. Pt. 17, *Rodgers v. Rodgers*, 184 W. Va. 82, 86 (1990) (quoting Syl. Pt. 3, *Pine & Cypress Mfg. Co. v. American Eng'g & Contr. Co.*, 97 W. Va. 471 (1924).

80. "[C]onversion . . . is essentially the exercise of dominion over the personal property of another by a person who has no legal right to do so. The term 'no legal right' is equated to a wrongful exercise of dominion. Bad faith or evil motive is not required." *Rogers v. Rogers*, 184 W. Va. 82, 95, 399 S.E.2d 664, 677 (1990).

81. Defendant Darren Galisky's and Defendant Kelly Galisky's diversion of assets of Mountain Momma was a distinct act of dominion.

82. Defendant Darren Galisky and Defendant Kelly Galisky had no legal right to divert the assets of Mountain Momma without the consent of the remaining members.

83. Defendant Darren Galisky's distinct act of dominion was wrongful because it constituted a breach of his fiduciary duty as member of Mountain Momma, and Defendant Kelly Galisky's distinct act of dominion was wrongful because, as an employee of Mountain Momma, she possessed no right to divert Mountain Momma's assets for personal purposes.

84. As a direct, proximate, and foreseeable result of Defendant Darren Galisky's conversion, Plaintiffs have suffered damages.

**COUNT VI**
**Unjust Enrichment**

85. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 84 of this Verified Complaint.

86. Defendant Darren Galisky and Defendant Kelly Galisky have been unjustly enriched by their willful, intentional, fraudulent, illegal, and otherwise wrongful conduct described above.

87. Defendant Darren Galisky continues to operate Mountain Momma to his own benefit and, until Peoples Bank put a hold on further withdrawals, Defendant Kelly Galisky continued to write checks from the Mountain Momma account, while the assets of Mountain Momma have been consistently declining.

88. Allowing Defendant Darren Galisky and Defendant Kelly Galisky to retain the benefits received would be unjust and unconscionable.

89. Equity and fairness require that the Court order the return of all funds attributable to or traceable to the wrongful acts described above.

**COUNT VII**
**Tortious Interference With a Business Relationship**

90. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 89 of this Verified Complaint.

91. Plaintiffs had an expectancy that, following their execution of the Operating Agreement, Defendant Darren Galisky, would act in the best interest of Mountain Momma and for their respective benefit as Members of Mountain Momma.

92. Defendant Darren Galisky and Defendant Kelly Galisky intentionally interfered with Plaintiffs' expectancy of said business relationship by their diversion and use of Mountain Momma funds to support their personal lifestyle, unauthorized tithes and monetary donations to The Rock church, to LCA, and to pastors of the church, family members, and friends.

93. Upon information and belief, Defendant Darren Galisky further intentionally interfered with Plaintiffs' expectancy of said business relationship on or about August 4, 2023 by, falsely and without authorization, advising vendors of Mountain Momma that Plaintiff Dustin Phillips no longer is affiliated with Mountain Momma.

94. Upon information and belief, Defendant Darren Galisky and/or Defendant Kelly Galisky further intentionally interfered with Plaintiffs' expectancy of said business relationship on or about August 7, 2023 by, wrongfully and without authorization, deleting Plaintiff Dustin Phillips's Mountain Momma email account, dustin@wvmma.us.

95. Upon information and belief, Defendant Darren Galisky and/or Defendant Kelly Galisky further intentionally interfered with Plaintiffs' expectancy of said business relationship on or about August 8, 2023 by, wrongfully and without authorization, altering the West Virginia Secretary of State website for the Business Entity Details for Mountain Momma,

https://apps.wv.gov/SOS/BusinessEntitySearch/Details.aspx?Id=Mm3aeQgc2iaH9ROYbdqZqw==&Search=NEiOYmnarwrC01mnO3CfIvpShhG4jFZ4owLuN%2fQqzs4%3d&Page=0, to falsely reflect that the only Member of Mountain Momma is Darren Galisky.

96. As a direct and proximate result of Defendant Darren Galisky's and Defendant Kelly Galisky's intentional acts of interference, Mountain Momma's financial status has diminished and Plaintiffs have suffered the loss of employment opportunities, and Plaintiffs have suffered injury and harm, including but not limited to lost wages, as well as other lost business and employment opportunities which would have been made available through said employment, emotional distress, damage to their reputation, annoyance, and inconvenience.

**COUNT VIII**
**Fraud/Constructive Fraud**

97. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 96 of this Verified Complaint.

98. "Fraud . . . may consist of either 'actual fraud' or 'constructive fraud.' Actual fraud, as defined by the West Virginia courts, consists of 'deception, intentionally practiced, to induce another party with property or to surrender some legal right, and which accomplishes the end designed.' Constructive fraud, on the other hand, has been defined as 'a breach of legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud." *Miller v. Huntington & Ohio Bridge Co.*; 123 W. Va. 320; 15 S.E.2d 687 (1941).

99. Under West Virginia law, the essential elements of a fraud claim are "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material

and false; (3) that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied upon it." *Bowens v. Allied Warehousing Servs., Inc.*, 229 W. Va. 523, 530, 729 S.E.2d 845 (2012).

100. "A corollary to the fiduciary principle is the rule that a presumption of fraud arises where the fiduciary is shown to have obtained any benefit from the fiduciary relationship, as stated in 37 Am.Jur.2d Fraud and Deceit § 441:

> [t]hus, if in a transaction between parties who stand in a relationship of trust and confidence, the party in whom the confidence is reposed obtains an apparent advantage over the other, he is presumed to have obtained that advantage fraudulently; and if he seeks to support the transaction, he must assume the burden of proof that he has taken no advantage of his influence or knowledge and that the arrangement is fair and conscientious . . .

Accord, 37 C.J.S. Fraud §§ 2 and 95." *Kanawha Valley Bank v. Friend*, 162 W. Va. 925, 929, 253 S.E.2d 528, 530 (1979).

101. Defendant Darren Galisky and Defendant Kelly Galisky stood in a relationship of trust and confidence with Plaintiffs.

102. Upon information and belief, Defendant Darren Galisky and Defendant Kelly Galisky committed acts of fraud and/or constructive fraud upon Plaintiffs by advising Plaintiffs that Mountain Momma had insufficient assets for distribution to its Members and that monies earned would be held to grow the business, but thereafter diverting assets from Mountain Momma to, including and without limitation, to Gator Energy, The Rock (a church in Parkersburg, West Virginia), Legacy Christian Academy ("LCA") (a school affiliated with The Rock), and/or their personal interests.

103. Particularly, upon information and belief Defendant Darren Galisky and his wife, Defendant Kelly Galisky, committed, at minimum, the following acts of fraud and/or constructive fraud upon Plaintiffs

a. advising Plaintiffs that there were insufficient assets for distribution to Mountain Momma's Members, and that monies earned would be held to grow the business;

b. thereafter diverting assets from Mountain Momma to, including without limitation:

   i. ACH withdrawals to pay the Internal Revenue Service for personal tax liabilities;

   ii. checks to pay for a personal mortgage loan held by Riverview Credit Union;

   iii. checks to pay on a personal line of credit held by Riverview Credit Union;

   iv. checks for an automobile (truck) loan held by Riverview Credit Union;

   v. checks for credit card payments to Synchrony Bank and American Express;

   vi. numerous checks to The Rock for "conference[s]," for "tithe[s]," for "tickets," for "raffle tickets," for "we are raffle," for "tithe order #3," and for "LCA school";

   vii. checks for utility payments;

   viii. checks written to "Cash" for which the memo lines denote "travel expenses," "raffle tickets," and "filing cabinets";

ix. a check written to Kelly Galisky for which the memo line denotes “raffle tickets”;

x. checks to Healthcare Financial;

xi. checks to Allclean of WV, including one for which the memo line notes “office/housecleaning”;

xii. checks to Erie Insurance, which does not insure Mountain Momma;

xiii. checks to multiple individuals for which the memo lines state personal messages, such as “love you,” and “pastor appreciation love you guys”;

xiv. a check to C&C Dodge for the deposit on a truck;

xv. a check to Amazon Marketplace for a charge by Darren Galisky; and

xvi. a check written to Darren Galisky for which the memo line denotes “loan repayment”; and

c. refusing to provide Mountain Momma’s financial records to the Company’s accountant and other Members for preparation of the Company’s tax returns, because that production would reveal their diversion of Mountain Momma’s assets.

104. Plaintiffs are unable at this time to document each and every act of fraud and/or constructive fraud committed by Defendant Darren Galisky and Defendant Kelly Galisky, because those Defendants have failed to produce the financial records which will reveal the extent of their diversion of Mountain Momma’s assets.

105. As a result of their fraud and/or constructive fraud, Defendant Darren Galisky and Defendant Kelly Galisky obtained improper benefit for themselves to the detriment of Plaintiffs.

106. As a result of Defendant Darren Galisky's and Defendant Kelly Galisky's willful, intentional, fraudulent, and illegal conduct, Plaintiffs have sustained damages, including without limitation, loss of capital of Mountain Momma, emotional distress, mental anguish, annoyance and inconvenience, the costs of this lawsuit, and attorney fees and litigation costs.

**COUNT IX**
**Negligence, Misfeasance, Nonfeasance, Carelessness and/or Recklessness by Defendants John Does 1-20**

107. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 106 of this Verified Complaint.

108. Defendants John Does 1-20, as employees, agents, ostensible agents, joint venturers, officers, and/or representatives of Mountain Momma, owed Plaintiffs a duty to observe, investigate, report and take action on all improper and fraudulent expenditures by Defendant Darren Galisky and/or Defendant Kelly Galisky.

109. These Defendants failed to properly investigate and to report instances of improper and fraudulent expenditures by Defendant Darren Galisky and Defendant Kelly Galisky to Plaintiffs. In the alternative, the actions of these Defendants were willful, wanton and/or undertaken with conscious, reckless and outrageous indifference to the interests of the Plaintiffs.

110. As a direct and proximate result of Defendants John Does 1-20's negligence, misfeasance, nonfeasance, carelessness and/or recklessness, Plaintiffs have suffered personal injuries and damages including but not limited to past and future pain, suffering and mental anguish, past and future humiliation, embarrassment, indignity and shame, economic losses, and future lost wages and income from Mountain Momma.

**COUNT X**
**Preliminary and Permanent Injunction**

111. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 110 of this Verified Complaint.

112. West Virginia Code Section 53-5-4 provides that "[e]very judge of a circuit court shall have general jurisdiction in awarding injunctions, whether the judgement or proceeding enjoined be in or out of his circuit, or the party against whose proceeding the injunction be asked reside in or out of the same."

113. Plaintiffs lack an adequate remedy at law to prevent Defendants from breaching the Operating Agreement and depleting the assets of Mountain Momma.

114. Defendants, through their actions, are causing irreparable harm to Plaintiffs because the Defendants are improperly diverting assets of Mountain Momma to other entities and/or personal accounts of which Plaintiffs do not have access.

115. Without appropriate relief, Defendants will continue to divert assets from Mountain Momma.

116. Plaintiffs and Defendants have a duty, that has been breached and is being breached by Defendants, to ensure that Mountain Momma's assets are managed pursuant to the Operating Agreement, and the Defendants' actions interfere with their duties.

117. Thus, Plaintiffs will likely succeed on the merits of their request for permanent injunction.

118. Defendants will not be unduly and irreparably harmed if injunctive relief is granted.

119. The public interest will be served by granting Plaintiffs the injunctive relief they seek by protecting and reinforcing the importance of the proper and accurate management of the assets of Mountain Momma.

120. Pursuant to the Operating Agreement, Plaintiffs are not required to post bond for a temporary restraining order.

121. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief to enjoin Defendants from expending the assets of Mountain Momma and other businesses while an accounting of those accounts takes place.

**COUNT XI**
**Judicial Dissolution of Mountain Momma Armory LLC dba WVMMA**

122. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 121 of this Verified Complaint.

123. Pursuant to Section 31B-8-801 of the West Virginia Uniform Limited Liability Act and Section 31D-14-1430 of the West Virginia Business Corporation Act, Plaintiffs request that this Court enter a decree of judicial dissolution as to the existence of Mountain Momma Armory LLC dba WVMMA.

124. The West Virginia Uniform Limited Liability Company Act provides that a limited liability company is dissolved, and its business must be wound up, upon entry of a judicial decree that:

> (i) the economic purpose of the company is likely to be unreasonably frustrated; (ii) another member has engaged in conduct relating to the company's business that makes it not reasonably practicable to carry on the company's business with that member; (iii) it is not otherwise reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement; (iv) the company failed to purchase the petitioner's distributional interest as required by section 7-701; or (v) the

> managers or members in control of the company have acted, are acting or will act in a manner that is illegal, oppressive, fraudulent or unfairly prejudicial to the petitioner.

W. Va. Code § 31B-8-801(a)(5).

125. By Defendant Darren Galisky's and Defendant Kelly Galisky's diversion of the assets, the purpose of Mountain Momma's is unreasonably frustrated.

126. As a member of Mountain Momma, Defendant Darren Galisky's conduct related to the business of Mountain Momma makes it not reasonably practicable to carry on the company's business with Defendant Darren Galisky and with his wife, Defendant Kelly Galisky as an employee.

127. Defendant Darren Galisky has acted in a manner that is illegal, oppressive, fraudulent, and/or unfairly prejudicial to Plaintiffs, and also to the detriment of Mountain Momma.

128. Accordingly, Plaintiffs are entitled to a judicial decree dissolving the existence of Mountain Momma Armory LLC dba WVMMA pursuant to Section 31B-8-801 of the West Virginia Uniform Limited Liability Act and Section 31D-14-1430 of the West Virginia Business Corporation Act.

**COUNT XII**
**Judicial Dissolution of Trident Logistics LLC dba TLL;**
**Black Bear Ordnance LLC dba WVBBO; PRM Corp.; and Pious Inc.**

129. Plaintiff Dustin Phillips re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 128 of this Verified Complaint.

130. Pursuant to Section 31B-8-801 of the West Virginia Uniform Limited Liability Act and Section 31D-14-1430 of the West Virginia Business Corporation Act, Plaintiff Dustin Phillips requests that this Court enter a decree of judicial dissolution as to the existence of Trident Logistics LLC dba TLL; Black Bear Ordnance LLC dba WVBBO; PRM Corp.; and Pious Inc.

131. The West Virginia Uniform Limited Liability Company Act provides that a limited liability company is dissolved, and its business must be wound up, upon entry of a judicial decree that:

> (i) the economic purpose of the company is likely to be unreasonably frustrated; (ii) another member has engaged in conduct relating to the company's business that makes it not reasonably practicable to carry on the company's business with that member; (iii) it is not otherwise reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement; (iv) the company failed to purchase the petitioner's distributional interest as required by section 7-701; or (v) the managers or members in control of the company have acted, are acting or will act in a manner that is illegal, oppressive, fraudulent or unfairly prejudicial to the petitioner.

W. Va. Code § 31B-8-801(a)(5).

132. The West Virginia Business Corporation Act provides that a circuit court "may dissolve a corporation in a proceeding by a shareholder if it is established that . . . [t]he directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent." W. Va. Code § 31D-14-1430(2).

133. By Defendant Darren Galisky's diversion of the assets of Mountain Momma for his and Defendant Kelly Galisky's personal gain, Defendant Darren Galisky and Defendant Kelly Galisky have engaged in conduct in a manner that is illegal, oppressive, or fraudulent, and also to the detriment of Mountain Momma. To the extent that the diversion of Mountain Momma's assets also involved the financial accounts of Trident Logistics LLC dba TLL; Black Bear Ordnance LLC dba WVBBO; PRM Corp.; and Pious Inc., Defendants' conduct also is to the detriment of those businesses, and Defendants' conduct makes it not reasonably practicable to carry on those businesses between Plaintiff Dustin Phillips and Defendant Darren Galisky or Defendant Kelly Galisky.

134. Accordingly, Plaintiff Dustin Phillips is entitled to a judicial decree dissolving the existence of Trident Logistics LLC dba TLL; Black Bear Ordnance LLC dba WVBBO; PRM Corp.; and Pious Inc. pursuant to Section 31B-8-801 of the West Virginia Uniform Limited Liability Act and Section 31D-14-1430 of the West Virginia Business Corporation Act.

## COUNT XIII
### Temporary Restraining Order to Prevent Further Diversion of Assets from Mountain Momma

135. Plaintiffs re-allege and incorporate by reference all of the allegations of paragraphs 1 through 134 of this Verified Complaint.

136. Rule 65(b) of the West Virginia Rules of Civil Procedure provides that "[a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

137. As members of Mountain Momma and parties to the Operating Agreement, Plaintiffs are entitled to equitable relief, including a temporary restraining order, due to Defendant Darren Galisky's breach and/or threatened breach of the Operating Agreement.

138. Pursuant to the Operating Agreement, Plaintiffs are not required to post bond for a temporary restraining order.

139. Defendant Darren Galisky and his wife, Defendant Kelly Galisky, have already damaged Plaintiffs by misappropriating Mountain Momma's funds when the Defendants diverted assets from Mountain Momma to, without limitation, Gator Energy, The Rock Church, LCA, and/or their personal interests.

140. Defendants' actions have necessitated the need for a temporary restraining order without notice to the Defendants to avoid further misappropriation of Mountain Momma's assets before a hearing can be held.

141. Without a temporary restraining order, Defendants actions will result in immediate and irreparable injury, loss, or damage to Plaintiffs.

142. Unless Defendants are ordered by this Court to refrain from diverting the assets of Mountain Momma, it is highly likely that Defendants will pose an ongoing threat to Plaintiffs.

143. Moreover, if Defendants' actions continue, Plaintiffs will have no reasonable recourse to obtain the relief to which they are entitled under the Operating Agreement, the West Virginia Uniform Limited Liability Company Act, and the West Virginia Business Corporation Act, and common law, in order to recover the assets of Mountain Momma.

144. Plaintiffs have attempted to resolve this matter out of Court by having Peoples Bank place a hold on further withdrawals by Defendants, but Defendants have continued to attempt to divert assets of Mountain Momma, as recently as the morning of August 7, 2023.

145. Neither the public nor Defendants will suffer any harm if Plaintiffs are granted a temporary restraining order because the order will allow the Plaintiffs to obtain the immediate relief to which they are entitled under the Operating Agreement in order to preserve the assets of Mountain Momma, and then to secure the proper and accurate accounting of the assets held by Mountain Momma, other business accounts held by Defendants, and financial accounts held by Defendants themselves.

146. Notice should not be required prior to the Court's grant of this temporary restraining order because, in light of Defendants' past actions, if Defendants receive notice, Defendants again

may remove assets from Mountain Momma's business account and/or the other accounts to which Mountain Momma's assets have already been diverted before an order is entered.

147. Therefore, providing notice to Defendants prior to entry of this temporary restraining order poses a threat to Plaintiffs.

148. Accordingly, Plaintiffs are entitled to the grant of a temporary restraining order against Defendants.

WHEREFORE, Plaintiffs Dustin Phillips and Aaron Hallof respectfully pray for this Court to enter judgment against Defendants Darren Galisky, Kelly Galisky and John Does 1-20 for:

a. Issuance of a temporary restraining order, for a period of ten (10) days from entry of the order until such time as a hearing can be conducted on Plaintiffs' request for a preliminary and/or permanent injunction, restraining Defendants from expending funds in bank accounts held by the following business entities until such time as an appropriate accounting can be completed:

i. Mountain Momma Armory LLC dba WVMMA;

ii. Lazy D Land Holding LLC dba DDLH;

iii. Trident Logistics LLC dba TLL;

iv. Gator Energy LLC;

v. Gator Energy Services Ltd.;

vi. Gator Energy LLC dba Gator's Girl Cleaning Service;

vii. Black Bear Ordnance LLC dba WVBBO;

viii. PRM Corp.;

ix. Pious Inc.; and

x. Double Tap Energy LLC.

b. Issuance of a temporary restraining order, for a period of ten (10) days from entry of the order until such time as a hearing can be conducted on Plaintiffs' request for a preliminary and/or permanent injunction, restraining Defendants from expending funds in bank accounts or other financial accounts held by either or both of them until such time as an appropriate accounting can be completed of each account;

c. Entry of a preliminary injunction enjoining Defendants from expending funds in bank accounts held by the above-listed business entities until such time as an appropriate accounting can be completed and compelling Defendants to submit to an accounting of the above-referenced bank accounts;

d. Entry of a permanent injunction enjoining Defendants from expending funds in bank accounts held by the above-listed business entities, pending the dissolution of those business entities;

e. A judicial decree dissolving the existence of:

i. Mountain Momma Armory LLC dba WVMMA;

ii. Trident Logistics LLC dba TLL;

iii. Black Bear Ordnance LLC dba WVBBO;

iv. PRM Corp.; and

v. Pious Inc.;

f. Awarding judgment and compensatory damages against the Defendants Darren Galisky, Kelly Galisky, and John Does 1-20, jointly and severally in an amount exceeding the minimum jurisdictional requirements of this Court, and in such sums as will fairly and fully compensate Plaintiffs for their losses, injuries and damages proximately caused by the wrongful

conduct of the Defendants, together with prejudgment interest, post-judgment interest, reasonable attorney fees and costs in and about the prosecution of this action;

g. Awarding judgment and damages against these Defendants which is punitive in nature and sufficient to punish these Defendants for their willful, wanton, reckless conduct, undertaken with conscious, reckless and outrageous indifference to the welfare of Plaintiffs, and to deter like conduct in the future; and

h. Granting Plaintiffs such other general, special, legal, and equitable relief as the Court shall deem just and proper.

Dated this 11th day of August 2023.

*/s/ Shawn A. Morgan*
Shawn A. Morgan (WV ID # 6640)
Stephenee R. Gandee (WV ID # 13614)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

STEPTOE & JOHNSON PLLC
Of Counsel

*Counsel for Plaintiffs Dustin Phillips and Aaron Hallof*

-

VERIFICATION

STATE OF Pennsylvania,

COUNTY OF Armstrong,

I, Aaron Hallof, being first duly sworn, state that I have read the foregoing "Verified Complaint for Temporary Restraining Order, Injunctive Relief, Accounting, Dissolution of Businesses, and Other Relief" that the allegations contained therein are true as they relate to me, except so far as they are stated to be upon information and belief, and that insofar as they are stated to be upon information and belief, I believe them to be true.

Aaron Hallof

Taken, subscribed, and sworn to before me this 9th day of August 2023.

My commission expires: 2-3-2025.

[NOTARIAL SEAL]

Commonwealth of Pennsylvania - Notary Seal
Lesa Ann Kepple, Notary Public
Armstrong County
My commission expires February 3, 2025
Commission number 1391099
Member, Pennsylvania Association of Notaries

Lesa Kepple

Aaron Hallof

VERIFICATION

STATE OF Ohio,

COUNTY OF Belmont.

I, Dustin Phillips, being first duly sworn, state that I have read the foregoing "Verified Complaint for Temporary Restraining Order, Injunctive Relief, Accounting, Dissolution of Businesses, and Other Relief" that the allegations contained therein are true as they relate to me, except so far as they are stated to be upon information and belief, and that insofar as they are stated to be upon information and belief, I believe them to be true.

Dustin Phillips

Taken, subscribed, and sworn to before me this 9 day of August 2023.

My commission expires: 02-06-28.

[NOTARIAL SEAL]




JESSICA LYNN DINGUS
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES
02-06-28

Jessica Dingus
Notary Public